**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | **CRIMINAL ACTION** |
| v. | ) ) | **NO. 4:18-40020-TSH** |
| **THOMAS LAVERTY,** | ) ) |  |
| **Defendants.** | ) ) |  |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO REVERSE ORDER OF REMAND TO CUSTODY AFTER CONVICTION (Docket No. 158)**

**May 8, 2020**

**HILLMAN, D.J.**

A jury convicted Thomas Laverty (the "Defendant") of conspiracy to manufacture or possess with intent to distribute marijuana, manufacturing or possessing with intent to distribute marijuana, and conspiracy to launder money, and the Defendant pled guilty to the additional charge of theft of public money. Because he faces a minimum term of imprisonment of ten or more years under the Controlled Substances Act, the Defendant was subject to mandatory detention pending sentencing. *See* 18 U.S.C. § 3143(a). He now moves for release pending sentencing, citing the exceptional reasons provision of 18 U.S.C. § 3145(c). (Docket No. 158).

Section 3145(c) provides that a defendant subject to mandatory detention "who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." The Government does not dispute that the Court may order the Defendant's release under this provision or that the Defendant meets

the conditions of release identified in § 3143(a)(1).  The only issue before the Court is whether the Defendant has shown that exceptional reasons justify his release pending sentencing.

The statute does not define exceptional reasons, but "[t]he few courts to address the matter agree that there must be present 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'"  *Weiner*, 972 F.2d at *3 (quoting *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991)).  Here, the Defendant contends that the combination of his medical conditions and the outbreak of COVID-19 creates an exceptional reason justifying his release.  The Court agrees.  The Defendant suffers from chronic Hepatitis C and allegedly faces heightened risk of serious illness or death if he contracts COVID-19.  Despite his heightened risk, however, he has not received any treatment for his condition, and his viral load is increasing.  Given how quickly the virus can spread in the prison population, the Court finds that the Defendant's circumstances are sufficiently "out of the ordinary" to warrant the extraordinary measure of pre-sentencing release under § 3145(c).  *See Weiner*, 972 F.2d at *3 (internal quotation marks omitted).  The Court thus **_grants_** his motion.  (Docket No. 158).  He is released under the same conditions of release imposed by the Court on December 19, 2017, save that he self-isolate for 14 days in his residence.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**